1

2

3

4

5

6

7

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   TOM GONZALES, as Personal Representative          No. C-08-03189 SBA (EDL)
    for the Estate of Thomas J. Gonzales, II,

9                                                     **ORDER GRANTING IN PART AND**
                 Plaintiff,                           **DENYING IN PART DEFENDANT'S**
10                                                    **MOTION TO COMPEL**

       v.

11
    UNITED STATES OF AMERICA ET AL,
12
                 Defendant.
13   _____/

14          In this tax refund suit, Plaintiff is the representative of the Estate of Thomas J. Gonzales, II.

15   On or about December 8, 2000, Mr. Gonzales entered into an investment involving United States

16   Treasury bonds, and claimed a large short-term capital loss on his 2000 tax returns.  Mr. Gonzales

17   died in December 2001.

18          On April 2, 2010, the Government filed a Motion to Compel production of documents

19   reflecting communications with accountant Steve Smith and lawyer Bruce Lemons that were being

20   withheld by Plaintiff pursuant to the attorney-client privilege, the work product doctrine and the

21   joint defense privilege.  See Declaration of Landon Yost Ex. L (Fourth Consolidated Privilege Log).

22   The motion was fully briefed and the Court held a hearing on shortened time on April 28, 2010.  For

23   the reasons stated at the hearing, the Government's Motion to Compel is granted in part and denied

24   in part.

25   **Steve Smith documents**

26          Steve Smith was decedent's accountant in 2000 and 2001 when the transactions involved in

27   this lawsuit occurred.  Mr. Smith has also assisted counsel in this case "out of necessity" to "try and

28   understand Mr. Gonzales' data related to the transactions involved in this case."  Pl.'s Opp. at 7.

     Plaintiff argues that Mr. Smith's documents relating to his role as an agent of the estate are protected

1    by the attorney-client privilege and the work product doctrine.

2              **Attorney-client privilege**

3              Plaintiff argues that communications between counsel and Mr. Smith are privileged because:

4    (1) the estate is like a corporation and therefore, Mr. Smith's communications are privileged under

5    the subject matter test for corporate communications from <u>Upjohn Co. v. United States</u>, 449 U.S.

6    383, 391-93 (1981); and (2) Mr. Smith is an agent of the estate so his communications are protected

7    by <u>United States v. Kovel</u>, 296 F.2d 918 (2d Cir. 1961).

8              First, Plaintiff has cited no authority to support the argument that an estate is like a

9    corporation for purposes of the attorney-client privilege.  Second, even if an estate is like a

10   corporation for purposes of the attorney-client privilege, there has been no showing that Mr. Smith

11   was an employee of the corporation who was empowered to speak for the corporation under the test

12   from <u>Upjohn</u>.  <u>See</u> <u>Upjohn</u>, 449 U.S. at  391-93 (holding that the attorney-client privilege protected

13   communications made by corporate employees to counsel for the corporation at the direction of

14   corporate superiors in order to secure legal advice from counsel where the employees were aware

15   they were being questioned so that the corporation could obtain legal advice).  Instead, Mr. Smith

16   provided accounting services to decedent and consulting services to the estate.

17             In addition, Mr. Smith is not an agent for purposes of <u>Kovel</u>.  <u>See</u> <u>Kovel</u>, 296 F.2d at 922

18   (holding that the attorney-client privilege extended to communications made by a client to an

19   accountant in the attorney's employ incident to the client's obtaining legal advice from the attorney:

20   "What is vital to the privilege is that the communication be made in confidence for the purpose of

21   obtaining legal advice from the lawyer. If what is sought is not legal advice but only accounting

22   service, or if the advice sought is the accountant's rather than the lawyer's, no privilege exists.")

23   (internal citations omitted).  Plaintiff argues that it was in a difficult position because it did not have

24   the benefit of the decedent's knowledge in litigating this case, so it turned to Mr. Smith, who was

25   decedent's accountant when the transactions at issue occurred.  Therefore, Plaintiff argues, Mr.

26   Smith acted as an agent of the estate in communicating with counsel for the purpose of seeking legal

27   advice.  Plaintiff's counsel stated that he did not seek Smith's accounting services, but rather "his

28   services in interpreting Mr. Gonzales' tax returns in light of the facts surrounding the transactions,

**United States District Court**
For the Northern District of California

2

1    as uniquely known to Mr. Smith."  Pl.'s Opp. at 7.  However, as the Government pointed out, by

2    arguing that Smith has unique knowledge in this case, Plaintiff has conceded that he is not a <u>Kovel</u>

3    interpreter of data.  Because Mr. Smith is not a lawyer and not a <u>Kovel</u> agent, the attorney-client

4    privilege does not protect his communications.

5          **Work product**

6          Plaintiff argues that Mr. Smith's knowledge of the transactions, their tax treatment on the tax

7    returns, and technical accounting principles have assisted counsel in litigation (<u>see</u> Declaration of

8    Martin Schainbaum ¶ 3), and that therefore, documents prepared by or for the estate in anticipation

9    of litigation are protected by the work product doctrine.  The work product doctrine "affords

10   protection when it can fairly be said that the 'document was created because of anticipated litigation,

11   and would not have been created in substantially similar form but for the prospect of that

12   litigation.'"  <u>In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)</u>, 357 F.3d

13   900, 908 (9th Cir. 2004) (quoting <u>United States v. Adlman</u>, 134 F.3d 1194, 1195 (2d Cir. 1998)).

14         Here, however, Mr. Smith was the tax preparer and an important fact witness, so Plaintiff has

15   waived any work product protection for any Smith documents.  <u>See</u> <u>United States v. Noble</u>s, 422

16   U.S. 225, 239 (1975) ("Here respondent sought to adduce the testimony of the investigator and

17   contrast his recollection of the contested statements with that of the prosecution's witnesses.

18   Respondent, by electing to present the investigator as a witness, waived the privilege with respect to

19   matters covered in his testimony.").  Plaintiff has created the current dilemma by communicating

20   with a third party fact witness, Mr. Smith, rather than hiring an accounting expert who was not

21   involved in the underlying transaction.  Under Plaintiff's approach, Plaintiff would improperly

22   shield communications with a non-party fact witness that would not otherwise be protected.

23         Nevertheless, at the hearing, the Government agreed that it did not seek non-factual

24   documents that only revealed litigation and settlement strategy.  The Court agreed to review <u>in</u>

25   <u>camera</u> no more than six Smith documents to determine whether they were properly withheld based

26   on the work product doctrine.  Plaintiff agreed that number was sufficient.  After the hearing,

27   Plaintiff lodged two Smith documents.  The Court has reviewed those documents and determined

28   that the March 7, 2005 email from Mr. Smith to George Reinhardt and Martin Schainbaum advising

1   Plaintiff's counsel on settlement may be withheld.  The remaining Smith documents on the privilege

2   log shall be produced no later than May 10, 2010.

3   **Bruce Lemons documents**

4        Bruce Lemons was decedent's attorney in 2000 and 2001.  During that time, Mr. Lemons

5   provided decedent with an opinion letter describing the facts of the financial transactions at issue

6   here, analyzing the law related to the proper tax treatment of the investment, and

7   concluding that if the Internal Revenue Service challenged the transactions, decedent would prevail.

8   After decedent's death, Mr. Lemons continued to communicate with the estate.

9        Plaintiff argues that Mr. Lemons' documents relating to his role as an agent of the estate are

10  protected by the attorney-client privilege, the work product doctrine and the joint defense privilege.

11       **Attorney-client privilege**

12       Plaintiff argues that Mr. Lemons' documents are protected by the attorney-client privilege

13  because: (1) decedent's death did not extinguish the privilege; (2) they are protected as corporate

14  communications pursuant to Upjohn; and (3) Mr. Lemons acted as an agent for Plaintiff pursuant to

15  Kovel.  However, because Plaintiff has produced Mr. Lemons' opinion letter upon which decedent

16  relied, any privilege that may have attached to documents, and to their subject matter, which was the

17  investment transactions at issue in this case, has been waived.  See, e.g., In re G-I Holdings Inc., 218

18  F.R.D. 428, 434 (D. N.J. 2003) (finding that when party used reliance-on-counsel defense,

19  communications as to subject matter of counsel's advice was waived); Evergreen Trading LLC ex

20  rel Nussdorf v. United States, 80 Fed. Cl. 122, 130 (Fed. Cl. 2007) ("Further, as a corollary to the

21  rule described above, it is generally recognized that where a party relies on or discloses the advice of

22  counsel concerning the tax consequences of a transaction, it waives the attorney-client privilege not

23  only as to the disclosed information, but also as to the details underlying that information.").

24       Further, Plaintiff argues that a lawyer has continuing obligation to assert the privilege upon

25  the death of his client (see, e.g., Swidler & Berlin v. United States, 524 U.S. 399, 405-05 (1998)),

26  but to the extent that Mr. Lemons' communications relate to the opinion letter that has already been

27  produced, the privilege has been waived.  In addition, as described above, even if the estate is akin

28  to a corporation for purposes of the attorney-client privilege, Plaintiff has made no showing that Mr.

United States District Court
For the Northern District of California

1  Lemons is an employee of the estate for purposes of <u>Upjohn</u>.  Finally, Plaintiff has not made a

2  showing that Lemons is an agent whose communications would be protected by the attorney-client

3  privilege under <u>Kovel</u>.  The attorney-client privilege does not protect Mr. Lemons' communications.

4  **Work product**

5  Plaintiff argues that it has produced all documents related to the opinion letter, which was

6  also produced, but is withholding documents prepared in anticipation of this litigation or the

7  companion state tax case.  Plaintiff argues that Mr. Lemons' knowledge of the transactions and the

8  law have made his assistance invaluable, but has cited no authority to support application of the

9  work product doctrine based on the helpfulness of the information.  Further, any communications

10  regarding Mr. Lemons' knowledge of the transactions would fall within the subject matter waiver

11  because they would relate to the subject of the opinion letter.

12  In addition, Plaintiff has not demonstrated that the Lemons documents were prepared by or

13  for a party or its representative because Plaintiff has not shown that Mr. Lemons was hired as an

14  agent or investigator for this litigation pursuant to <u>Kovel</u>.  As described above with respect to Mr.

15  Smith, Mr. Lemons is a fact witness, which shows that he is not a representative of Plaintiff's

16  counsel for purposes of the work product doctrine.  To the extent that Plaintiff is claiming that Mr.

17  Lemons' documents are protected because they are Mr. Lemons' work product, that claim is not

18  viable.  <u>See, e.g.</u>, <u>In re California Public Utilities Commission</u>, 892 F.2d 778, 781 (9th Cir. 1989)

19  (holding that: "Although some courts have extended the work product privilege outside the literal

20  bounds of the rule, we conclude that the rule, on its face, limits its protection to one who is a party

21  (or a party's representative) to the litigation in which discovery is sought.") (citing C. Wright & A.

22  Miller, <u>Federal Practice and Procedure</u> § 2024, at 201-02 ("[D]ocuments prepared for one who is not

23  a party to the present suit are wholly unprotected even though the person may be a party to a closely

24  related lawsuit in which he will be disadvantaged if he must disclose in the present suit.")).  Again,

25  Plaintiff took a risk in using a fact witness to provide information rather than a legal expert who was

26  not involved with the underlying transaction.  The work product doctrine does not apply.

27  **Joint defense privilege**

28  The joint-defense privilege, or common interest rule, is an extension of the attorney client

5

United States District Court
For the Northern District of California

1   privilege.  Waller v. Financial Corp. of America, 828 F.2d 579, 583 n. 7 (9th Cir. 1987).  Moreover,

2   "it is . . .unnecessary that there be actual litigation in progress for the common interest rule of the

3   attorney-client privilege to apply."  United States v. Schwimmer, 892 F.2d  237 (2nd Cir. 1989)

4   (citing United States v. Zolin, 809 F.2d 1411, 1417 (9th Cir. 1987), vacated in part on other grounds,

5   842 F.2d 1135 (9th Cir. 1988) (en banc), aff'd in part and vacated in part on other grounds, 491 U.S.

6   554 (1989)).  Instead, "one relying on the joint defense privilege must establish that (a) there was

7   existing litigation or a strong possibility of future litigation; and (b) the materials were provided for

8   the purpose of mounting a common defense against it."  Metro Wastewater Reclamation Dist.

9   Continental, 142 F.R.D. 471, 479 (D. Colo.1992); see also U.S. v. Bergonzi, 216 F.R.D. 487 (N.D.

10  Cal. 2003) ("The common interest privilege, frequently referred to as the joint defense privilege,

11  applies where (1) the communication is made by separate parties in the course of a matter of

12  common interest; (2) the communication is designed to further that effort; and (3) the privilege has

13  not been waived.  The privilege does not require a complete unity of interests among the

14  participants, and it may apply where the parties' interests are adverse in substantial respects.").  The

15  joint defense doctrine protects communications between the parties where they are "part of an on-

16  going and joint effort to set up a common defense strategy" in connection with actual or prospective

17  litigation.  In re Bevill, Bresler & Schulman Asset Management, 805 F.2d 120, 126 (3d Cir. 1986).

18  However, the joint defense doctrine presupposes the existence of an otherwise valid privilege.  See

19  In re Grand Jury Subpoenas, 902 F.2d 244, 249 (4th Cir. 1990).

20          Here, even if there was an otherwise valid privilege, the joint defense privilege would not

21  apply.  Plaintiff argues that there is a common interest between Plaintiff and Mr. Lemons because

22  after Mr. Lemons advised decedent with respect to the investment transaction, Mr. Lemons entered

23  into an identical transaction on his own, which the IRS is also challenging.  However, there is no

24  evidence of a Joint Defense Agreement which protects Mr. Lemons' communications, nor has

25  Plaintiff established that there are parallels between the IRS investigations of Mr. Lemons and

26  decedent that "demonstrate[] conclusively" their common legal interest.  Accordingly, the joint

27  defense privilege does not protect Mr. Lemons' documents.

28          Nevertheless, based on the Government's agreement stated above, the Court agreed to

**United States District Court**
For the Northern District of California

review <u>in camera</u> no more than six Lemons documents to determine if they were properly withheld based on the work product doctrine.  Plaintiff agreed that this number was sufficient.  After the hearing, Plaintiff lodged five documents for the Court's review.  The Court has reviewed the documents and concludes that none of them are entitled to protection.  Plaintiff shall produce all of the Lemons documents no later than May 10, 2010.

**IT IS SO ORDERED.**

Dated: May 4, 2010

_Elizabeth D. Laporte_

ELIZABETH D. LAPORTE
United States Magistrate Judge