UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TOM GONZALEZ, as Personal Representative for the Estate of Thomas J. Gonzales, II,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, the DEPARTMENT OF TREASURY by its agency, the INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No:  C 08-3189 SBA<br><br>**ORDER SETTING FURTHER BRIEFING SCHEDULE** |

Plaintiff Tom Gonzalez ("Plaintiff), the personal representative and fiduciary of the estate of taxpayer Thomas J. Gonzales, II ("Taxpayer"), deceased, brings this suit for a refund of allegedly illegally-assessed Federal personal income taxes that Plaintiff paid in response to Defendant Internal Revenue Service's ("Defendant") Notice of Deficiency for the tax years ending December 31, 2000 and December 31, 2001.

The parties are presently before the Court on Defendant's Motion for Summary Judgment (Dkt. 90) and Plaintiff's Motion for Partial Summary Judgment (Dkt. 92).  After reviewing the parties' submissions, it has become apparent that the parties' briefing regarding certain issues is inadequate, so as to prevent full adjudication of the motions.  Therefore, the Court orders further briefing on these issues, as set forth below.

A.   **PLAINTIFF'S COMPLAINT**

Plaintiff filed this action on July 2, 2008.  In his First Amended Complaint, filed on March 19, 2009, Plaintiff contests the validity of the Notice of Deficiency and alleges the following errors: (1) it is error for Defendant to disallow a capital loss in the amount of $142,002,000 for the taxable year 2000; (2) it is error for Defendant not to allow Taxpayer to carryback net operating ordinary losses from 2001 in the amount of $8,757,573, and to

carryforward such remaining losses to each succeeding year until such tax benefit has been exhausted; (3) it is error for Defendant to disallow Taxpayers claimed deductions with respect to his stock in Xing Mail, Swing Solutions, and Auto Parts, Etc. for the taxable year 2001; (4) it is error for Defendant to disallow itemized deductions for the taxable years 2000 and 2001; (5) it is error for Defendant to disallow the deduction for the taxable year 2001 for State Income Tax Refund of $143,773; (6) it is error for Defendant not to apply the Alternative Minimum Tax of $78,993 for the taxable year 2000; (7) it is error for Defendant not to allow Taxpayer to carryover from 2000 to 2001 a capital loss carryover in the amount of $11,070,513; and (8) it is error for Defendant to impose a $5,246,367 accuracy-related penalty.

### B.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on the entirety of Plaintiff's action, including errors (4)-(7), set forth above. With respect to errors (4)-(7), Defendant simply argues, in a footnote, that "[i]t is undisputed that these issues are pure computational adjustments and the resolution of them thus depends on whether Plaintiff can establish that the taxpayer is entitled to deduct his $142 million loss." Def.'s Mtn. at 9 n.7 (emphasis added). Defendant further contends, without elaboration, that "[i]f the Court grants the United States summary judgment with respect to Plaintiff's claims to the non-deductibility of the $142 million loss, it also would necessarily grant the United States summary judgment as to those issues as well." Id.

As the moving party, Defendant bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). From the face of Defendant's motion, it is apparent that Defendant has not satisfied its burden on summary judgment with respect to errors (4)-(7). However, because Plaintiff, in his opposition brief, entirely fails to respond to Defendant's assertion that granting Defendant summary judgment on the capital loss issue also necessarily grants Defendant summary judgment as to errors (4)-(7), it is unclear if summary adjudication of these issues is, in fact, appropriate. Therefore, further briefing on this issue is required.

**1**   In addition, with respect to error (8), the $5,246,367 accuracy-related penalty,

**2** Defendant inexplicably fails to address this issue in its motion for summary judgment. Instead,

**3** Defendant argues, in its opposition brief to Plaintiff's motion for summary adjudication of this

**4** issue, that Plaintiff is not entitled to this amount because Defendant "waived" the penalty, and

**5** "the overpayment resulting from the abatement of the penalty was applied as a credit to the

**6** interest owed by taxpayer on the 2000 tax liability at issue. Plaintiff, as taxpayer's

**7** representative, has not paid the interest due." Def.'s Opp. at 4. Defendant fails to support that

**8** argument with any decisional authority or any evidence in the record. As such, Defendant's

**9** briefing on the issue of the accuracy-related penalty is also deficient.

**10**   C.   **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**11**   Plaintiff moves for partial summary judgment in his favor on errors (1) (the capital loss

**12** issue) and (8) (the accuracy-related penalty). With respect to error (8), Plaintiff asserts that he

**13** is entitled to summary adjudication of this issue because Defendant "conceded that [it] is not

**14** entitled to" this penalty. Plf.'s Mtn. at 7. Plaintiff cites only to his Amended Complaint to

**15** support that argument, and therefore, his briefing on this issue is also deficient. Moreover, in

**16** view of Defendant's assertion that this amount was credited to the interest owed by Taxpayer,

**17** further briefing to clarify the accuracy-related penalty issue is required. Accordingly,

**18**   IT IS HEREBY ORDERED THAT:

**19**   1.   By no later than December 14, 2010, Defendant shall file a single supplemental

**20** brief, not to exceed five (5) pages, to support its assertion that summary judgment in its favor is

**21** appropriate with respect to errors (4)-(7) and (8). Defendant's brief shall address the

**22** deficiencies identified above.

**23**   2.   By no later than December 14, 2010, Plaintiff shall file a single supplemental

**24** brief, not to exceed three (3) pages, to support his assertion that summary judgment in his favor

**25** is appropriate with respect to error (8). Plaintiff's brief shall address the deficiencies identified

**26** above.

**27**   3.   Responsive briefs, not to exceed three (3) pages, shall be filed no later than

**28** December 21, 2010.

1  4. The December 14, 2010 pretrial conference and January 10, 2011 trial date are
2 VACATED, and will be rescheduled, if necessary, after adjudication of the parties' summary
3 judgment motions.
4  IT IS SO ORDERED.
5 Dated: November 29, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge